**ORIGINAL**

# In The United States Court of Federal Claims

No. 14-415 C

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed: May 15, 2014)

**FILED**

MAY 15 2014

U.S. COURT OF
FEDERAL CLAIMS

KRISTOPHER DORR,

        Plaintiff,

v.

THE UNITED STATES,

        Defendant.

## OPINION and ORDER

On May 14, 2014, plaintiff, Kristopher Dorr, filed a complaint seeking relief under 42 U.S.C. § 1983, for various alleged violations of the U.S. Constitution and other laws. Plaintiff asserts that the Department of Defense has intercepted various communications between him and third parties. He seeks unspecified monetary damages, as well as equitable and injunctive relief.

This court is solemnly obliged, on its own accord, to address obvious questions concerning its subject matter jurisdiction. *See Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). This court recognizes that plaintiff is acting *pro se* before this court, and thus the court will hold the form of plaintiff's submissions to a less stringent standard than those drafted by an attorney. *See Reed v. United States*, 23 Cl. Ct. 517, 521 (1991) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Having reviewed plaintiff's complaint, this court is certain that it lacks jurisdiction to consider the claim that plaintiff raises.

With very limited exceptions, the jurisdictional statutes governing the United States Court of Federal Claims grant authority to the court only to issue judgments for money against the United States and then, only when they are grounded in a contract, a money-mandating statute, or the takings clause of the Fifth Amendment. *See United States v. Testan*, 424 U.S. 392, 397-98 (1976); 28 U.S.C. § 1491. This court lacks jurisdiction over claims predicated upon the Fourth Amendment, the Fifth Amendment's Due Process Clause, as well as the Fourteenth Amendment. *See Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995); *Roberson v. United States*, 115

Fed. Cl. 234, 240 (2014); *Hanford v. United States*, 63 Fed. Cl. 111, 119 (2004); Nor does this court have jurisdiction over claims predicated upon 42 U.S.C. § 1983. *See Ganaway v. United States,* 2014 WL 503152 at *2 (Fed. Cir. 2014); *Sanders v. United States*, 34 Fed. Cl. 38, 48 (1995). None of the provisions cited provide the requisite money-mandating source of law to support a case such as this. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *see also Testan*, 424 U.S. at 398.

Accordingly, the Clerk shall dismiss plaintiff's complaint for lack of jurisdiction.

**IT IS SO ORDERED.**

_____
Francis M. Allegra
Judge